②

United States District Court
District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2016 APR -6  A 11: 09

Brandon W. Chartier
     (Plaintiff)

Case No. _____

          vs.
NHDOC, Warden Micheal Zenk, et al.
     (Defendants)

Motion for preliminary Injunctive Relief
and/or Protective Order; Motion for Counsel

Now comes Brandon W. Chartier Pro se
requesting injunctive relief as follows:

Pursuant to Fed.R.Civ.P.65, request that this
honorable Court grant this motion, and states in
support the following:

Statement of Facts

1. Denial of Due Process is causing the Plaintiff
   to suffer irreparable injury:
        a) Sanctions: 65 days loss of canteen, recreation
        and electronics. 15 days punitive segregation
        suspended for 180 days. Disciplinary infractions
        level (A) carry a minimum 90 day set-back period
        that from 3/29/2016 will cause additional
        incarceration past release date of 4/25/2016.

③

These sanctions will also cause a loss of a scheduled bed date for rehabilitation at The Farnum Center, 140 Queen City Avenue, Manchester NH 03103  Phone No. 603-263-6317. This bed date is currently scheduled for 6/21/2016.

b) mentally: The plaintiff (Brandon Chartier) is experiencing tremendous anguish from this ongoing traumatic ordeal. He is under constant threat of being upgraded to a higher custody level which would cause even more extensive incarceration. He now lives in a hostile environment being paranoid of retaliation from both the NHDOC and other inmates of NHSP. The plaintiff needs rehabilitation for success in his future and his ability to participate in a rehabilitation program is in jeopardy. Having to explain to family and friends that he is now to remain incarcerated past 4/25/2016 because of a false accusation against him is a cause of extensive suffering for both the plaintiff and his family and friends.

2. Attachment of supporting facts to this motion
   a) A 17 page appeal submitted to the Warden (Micheal Zenk) which details the violation of the Plaintiffs due process rights.

④

    b) The plaintiff wishes to inform the Court that he requested the physical evidence used against him to be tested for fingerprints and/or DNA. The plaintiff presented this request to several parties which include:

    NHDOC staff; Sargent Inman; Lieutenant Lirette; Hearings Officer Linda Paulsen.

    This request was denied by all parties involved. The plaintiff also expressed to the same parties his desire to be tested by a lie detector. This request was denied as well.

## Standard for Preliminary Injunction

    For Plaintiff to obtain a preliminary injunction, he must establish:

(1) He will suffer irreparable injury unless the injunction issues,

(2) The threatened injury outweighs any damage the proposed injunction might cause the opposing party,

(3) That it has a substantial likelihood of success based on the merits. Oklahoma ex rel. Oklahoma Tax Comm'n vs. International Registration Plan, 455 F.3d 1107, 1112-13 (10th Cir. 2006). Where the first three requirements are met, a modified,

⑤

less stringent, test as to the "success on the merits" element may apply. Davis vs. Mineta, 302 F.3d 1104, 1101 (10th Cir. 2002).

Wherefore, for the reasons stated above, this honorable Court should issue an injunction holding that the plaintiffs Due Process was violated and sanctions as well as retaliation is unjustified; and/or stop all sanctions and retaliation and hold a hearing on the matter.

Respectfully Submitted

4/4/2016

Brandon Chartier

Brandon Chartier #48876
PO Box 14    MCN
Concord NH 0330

Attested
John F. Perkins
expire 9 2026
John G. Perkins
4 april 2015

⑥

# United States District Court
# District of New Hampshire

Brandon W. Chartier
(Plaintiff)                    Case No. _____

vs.

NHDOC, Warden Micheal Zenk, et al.
(Defendants)

## Plaintiff's Motion for Appointment of Counsel
## And
## Brief in Support

Pursuant to 28 USC § 1915(e)(1), plaintiff moves for an order appointing counsel to represent him in this case. In support of this motion Plaintiff states:

1. The Plaintiff lacks the knowledge in this legal matter to represent himself.

2. The Plaintiff is indigent and is unable to pay for counsel.

3. The incarceration of the plaintiff severely limits his ability to litigate.

Wherefore the Plaintiff requests that the Court appoint counsel to represent him in this case.

⑦

Respectfully Submitted

4/4/2016          *Brandon Chartier*
Brandon Chartier #48876
PO Box 14  MCN
Concord NH 03301

## Certification

I hereby certify that a copy was placed in the mailbox
to NHDOC; Warden, Micheal Zenk
    PO Box 14
    Concord NH 03301

          *Brandon Chartier*
4/4/2016   Brandon  Chartier #48876

Will the Clerk of Court please include the Rules and
form for Informa pauperus with reply; Thank you.

①

# Affidavit

## On April 4, 2016

### Statement

I, <u>Brandon Chartier</u>, being first duly sworn, upon oath, presents that (s)he has read and subscribed to the foregoing Affidavit, and states that the information contained therein is true and correct.

4/4/2016    *Brandon Chartier*
Brandon Chartier

Subscribed and sworn before me this
<u>4</u> day of <u>April</u>, 2016.

*John T. Perkins*
Signiture of Notary Public/Justice of Peace

①

3/31/2016

Brandon Chartier #48876

I am appealing the wrongful finding of guilt;
accused of violation 25A:

Possession, manufacture or introduction into the
institution of any weapon or object which could be used
as a weapon.

I am absolutely not guilty of this offense. I did
not ever possess, manufacture or introduce the object
in question. Prior to Sargent Inman showing me
the metal rod; I had not seen the object or
any object like it before.

After the disciplinary hearing 3/29/2016; areas of interest
that must be addressed are as follows:

Cpl. Latimer states: After securing the object; both inmates
were called down to the MCN office to be interviewed about
the object. —I was called down first and seperate from
I/M Blankenship. Upon entering the office I was asked to
close the door and sit down. Sgt. Inman then moved a
clip board that was on his desk uncovering an evidence bag.
While stating that during a search of my cell a disturbing
object was located - Sgt. Inman then removed the object from
the evidence bag and proceeded to hold the object with his
bare hands; rolling the metal rod between his hands as well as
demonstrating that the object did not bend by holding
the object between both hands. This severely violated

②                                                                    3/31/2016

the security of the object as well as the chain of evidence of said object. My ability to prove my innocense by testing the object for fingerprints and/o DNA against my fingerprints and/or DNA was irrevocably comprimised. The object in question has never been in my hands; the first time I ever saw the object was when Sargent Inman showed it to me in the MCN OIC office.

The cell that I live in is an extension of a common area. The cell that I reside in has a lock that is broken; keys stuck in the locks that are broken off inside the lock. My bunkie, I/M Blankenship, owns a TV that he allows anyone to use at virtual'y anytime — wether either one of us is present or not. After being told that we were receiving write-ups for possession of a weapon — Nicholas Rae admitted that he placed the object in question in our room to both myself and I/M Blankenship — but only after Lt. Lirette told me that it was Nicholas Rae, as well as that Nicholas Rae first spoke to Cpl. Latimer on 3/18/2016. I had requested Nicholas Rae to be present at the hearing 3/29/2016.

I asked for witnesses to be called at the disciplinary hearing. I gave proper notice to the Hearings Officer; as well as sending the hearings officer all the questions for the witnesses at the hearing after her request to do so. Both Lt. Lirette and the hearings officer did not allow witnesses at the hearing.

③                                                                    3/31/2016

Not having Nicholas Rae present is a violation of
the Sixth amendment of the US Constitution to
have compulsory process for obtaining witnesses
in my favor and to be confronted with the
witnesses against me. This can be verified by
Turner vs. Safley 450 J.S.76 1075, CT 2254
(1987) The Turner standard applies to informa
policies and individual actions as well as
regulations. Reference to these can also be for
in Ford vs. McGinnus 352 F. 3d 582 595 n 15
2nd Cir 2003. This absence of said witness
concludes that this action should be dismissed.
The above statement also holds true for the other
witnesses I was denied at the hearing. The list
of witnesses not called are as follows:
Inmate Nicholas Rae; Inmate Mathew Greene;
Sargent Inman; Corporal Latimer.

After following the correct and proper procedures
for calling witnesses by writing request slips And
the questions to be asked of these witnesses; I
was never allow to question any witness. There was
never a witness called. While feeling intimidated
and under constant fear of retaliation from all
parties involved - I was never allowed to prove
my innocense. Severe sanctions were levied
upon me in a manner that was retaliatory
of me maintaining my innocence.

⑪

3/31/2016

## Summary of events during Disciplinary Hearing

At approximately 8:40 am on 3/29/2016, I was called over the intercom to a disciplinary hearing for the accusation of 25A; possession, manufacture or introduction into the institution of any weapon or object which could be used as a weapon.

Upon entering the waiting area; before being called into Lt. Lirette's office; I observed Lt. Lirette speaking with the hearings officer (Linda Paulson) for approxiamately 10 minutes – using hand gestures suggesting that he was explaining something pertaining to the sliding windows that are installed in medium custody North. Lt. Lirette acted as the prosecuter during the hearing; Lt. Lirette also read the A level disciplinary report and notice of disciplinary hearing; and he wrote out, commented and he based a summary of investigation in the ticket on opinion. During this process Lt. Lirette clearly displayed emotion showing he had already assumed **guilt; insinuated** that I forced inmate Nicholas Roe into an admission of guilt and called me a liar. Lt. Lirette being present at the disciplinary **hearing caused** an extremely unfair due process that eventually lead to the wrongful finding of guilt. Throughout the hearing, Lt. Lirette guided the hearing **officer** to a finding of guilty based entirely on speculation

3/31/2016

⑤

The object in question was never presented as evidence at the hearing. Of all the previous witnesses that were listed for examination - not one single witness was called at the hearing. Everything that I presented as evidence was dismissed; called not relevant and/or argued against based seemingly only on speculation. I know that the disciplinary hearing both violated and denied my due process. I believe that Lt. Lirette acting as the prosecutor at the hearing was a conflict of interest because of his own admission to me leading up to the hearing that I was guilty. He said before and during the Hearing that I could and would "beat up" inmate Nicholas Rae - which Lt. Lirette assumes and declares without anything based on fact. Lt. Lirette decided that Nicholas Rae's admission of guilt was not true and proceeded to state several times that I could beat up Nicholas Rae - leading up to the hearing and even stating it during the hearing.

I, Brandon Chartier, respectfully ask to have the disciplinary hearing 3/29/2016 to be reviewed by the Warden. I was wrongfully found guilty at the hearing, as well as being denied due process. I respectfully request to have the finding of guilty dismissed and removed from my record. The tremendous mental suffering I am experiencing from these false accusations against me are cause for fear of my well being and security. Lt. Lirette

⑥

has even gone as far to twist my constant positive actions into a negative. Before, during, and after the disciplinary hearing- Lt. Lirette said that the fact that I am a parole violator with an approved parole plan it was motive for me to force Nicholas Rae into taking responsibility for the object located in the window track of cell 8 of pod 3A. I was completely unaware that Nicholas Rae was involved in this situation or that he was responsible for the object until Lt. Lirette first told me 3/21/2016. I did not ever conspire or force anyone to do or say anything in this matter. Included in this package is a hand written statement (double sided) signed by Nicholas Rae and witnessed by multiple inmates that included their inmate identification numbers in order to be available for question if necessary. Again; I did not force or conspire this statement being drafted.

The trauma I constantly experience from this entire incident is causing tremendous mental pain and suffering. Lt. Lirette has created a hostile environment for me causing extreme paranoia. The sanctions falsely enforced after a wrongful finding of guilty have and are continuing to destroy my rehabilitation. I respectfully request relief from this suffering. Thank You. Brandon Chartier: *Brandon Chartier*

3/31/2016

⑦

Additional Attachment

Important to the appeal is this information:

Before the disciplinary hearing 3/29/2016, Inmate Nicholas Rae plead guilty to possession of the object in question.

In violation of the 14th Amendment (Due Process), Nicholas Rae's plea of guilty was rejected; being listed as a witness - Lt. Lirette and the hearings officer Linda Paulsen did not allow or call any witness including Nicholas Rae.

After the disciplinary hearing; Inmate Kenneth Blankenship plead guilty to ~~possession of a weapon (25A); the object~~ in question. Two individuals with access to cell 8 of Pod 3A in MCN plead guilty to the one object in question. I, Brandon Chartier, am innocent of this accusation; maintained that innocense; was wrongfully found guilty while being denied due process and suffering retaliation for not pleading guilty to a charge I am innocent of. I received the most severe sanctions and restrictions proving even further retaliation. I have suffered through threats and defamation of character. I ask to have this charge dismissed and completely removed from record. Thank You.

#48876   Brandon Chartier; _Brandon Chartier_

⑧

# INMATE REQUEST SLIP

**Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM. Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.**

TO: Unit Supervisor, Security Lieutenant, CC/CM      DATE: 3/4/2016

FROM: Chartier    Brandon    W      ID #: 48876
     Last Name      First Name      Middle Initial

Concord      North 3A      8B      A
Facility      Housing Unit      Cell      Work/Shift

INMATE REQUEST: I would like to request communication with parole in regards to my still pending parole plan. May I please have the paperwork concerning approval or denial sent to me as soon as possible. I would like to meet to discuss contacting Farnum for an earlier bed date if possible as well Thank You.

(If you need more space, use plain paper.)

                     Inmate Signature

TO: CC/CM N. Duffy      DATE: _____

FROM: Unit Supervisor, Security Lieutenant or CC/CM

REMARKS: FWD

                     Staff Signature

**************************************************************

FROM: CC/CM Duffy      DATE: 3/8/2016
     Staff Member Name/Office

REMARKS: Farnum is currently scheduling Bed dates for July 2016, so I dont think they will give you a earlier bed date.
Attached is Approved Housing Plan.

                     Staff Signature

Received By _____
                     Inmate Signature

White - Offender Records Office      Yellow - Inmate      Pink - Staff

# State of New Hampshire

## Department of Corrections – Division of Field Services

| | Central Office #06<br>PO Box 1806<br>Concord, NH 03302<br>271-5652 | Exeter DO #01<br>8A Continental Drive<br>Exeter, NH 03833<br>772-4730 | Manchester DO #02<br>60 Rogers Street<br>Manchester, NH 03103<br>668-0432 | Concord DO #03<br>314 North State Street<br>Concord, NH 03301<br>271-2268 |
|---|---|---|---|---|
| | Berlin DO #04<br>138 East Milan Road<br>Berlin, NH 03570<br>752-0429 | North Haverhill DO #05<br>3785 Dartmouth College<br>Highway Box 1, North<br>Haverhill, NH 03774<br>787-6900 | Dover DO #07<br>259 County Farm Rd Ste<br>104, Dover, NH 03820<br>742-6621 | Laconia DO #08<br>314 S. Main St. Ste 2<br>Laconia, NH 03246<br>527-2470 |
| **Margaret Wood Hassan**<br>**Governor** | Keene DO #09<br>28 Mechanic Street<br>Keene, NH 03431<br>352-4139 | Claremont DO #10<br>17 Water Street<br>Claremont, NH 03743<br>542-2470 | Wolfeboro DO #11<br>PO Box 1080<br>Wolfeboro Falls, NH 03896<br>569-0124 | Nashua DO #12<br>3 Pine Street Ext.<br>Nashua, NH 03060<br>886-3444 |

**FROM:** Justin Evans  
Concord DO (#03-Merrimack)  
**TO:** Andrea J. Goldberg 271-2569 (Fax 271-6179)

**Date:** 12/31/2015

**COPY:** Ashlyn (Hardy) St. Germain  
Cathy Charron-Folsom

**SUBJECT:** Pre-Parole Investigation

**NAME:** Brandon Chartier

**ID #:** 48876

**The Plan to reside at:** 11 Joffre Street  
Concord NH 03301

**Is** ☒ **Approved**  
☐ **Denied**

**Reason for Denial:**

**The following special conditions of parole are respectfully recommended:**

standard

Promoting Public Safety Through Integrity, Respect, Professionalism

*Please Note: Some District Offices have minimal access for persons with disabilities. Please notify the office if you need other program access and/or different meeting arrangements.*

Updated 12-05-2013 (Parole Plan Investigation Response)



 

# INMATE REQUEST SLIP

**Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM. Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.**

TO: ~~Unit Supervisor, Security Lieutenant, CC/CM~~ Hearings Officer; Warden        DATE: 3/24/2016

FROM: Chartier ____ Brandon ____ W        ID #: 48876

    **Last Name**      **First Name**      **Middle Initial**

Concord MCN ____ 3A ____ 8B ____ A

    **Facility**      **Housing Unit**      **Cell**      **Work/Shift**

INMATE REQUEST: Per PPD 5.25 Section F. Hearings: part 7; I need to request a staff member be appointed to me in order to assist me at a disciplinary hearing scheduled for 3/29/2016. Thank You. In addition; I need to add a witness to be called at the hearing scheduled 3/29/2016: Inmate Mathew Greene #63629.

                                          *Brandon Chartier*

(If you need more space, use plain paper.)                  *Inmate Signature*

TO: ~~Hearings Officer Linda Paulsen;~~ Warden        DATE: 3 28 16

FROM: Unit Supervisor, Security Lieutenant or CC/CM

REMARKS: My day off Are 4 day ent This was in my Box on Monday 3 28-16. I could

                                             *Staff Signature*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM: ___ Lt Leith ___        DATE: 3 28 16

    **Staff Member Name/Office**

REMARKS: I called This inmate Down and Answered This questions for him, I/m Chartier said th Does Not Need to see This out at This Time.

                                           *Staff Signature*

Received By _____

                                         *Inmate Signature*

White - Offender Records Office     Yellow - Inmate     Pink - Staff



 

# INMATE REQUEST SLIP

**Submit this request to the Unit Supervisor, Security Lieutenant, or CC/CM.  Your Unit Supervisor, Security Lieutenant, or CC/CM will help you resolve the issue or it will be forwarded to the appropriate person. Unit Supervisor, Security Lieutenant, or CC/CM will be forwarded to you.**

**TO:  Unit Supervisor, Security Lieutenant,  CC/CM**          **DATE:** 3-22-2016

**FROM:** Chartier          Brandon          W          **ID #:** 48876
        Last Name      First Name      Middle Initial

Concord          North 3A          8B          A
Facility      Housing Unit      Cell      Work/Shift

**INMATE REQUEST:** I was told by Lt. in MCN to write to the hearings officer about calling witnesses to the upcoming hearing; disciplinary hearing scheduled 3/29/16. I need to call as witnesses: Cpl. Latimer; Sgt. Inman; C.O. Cooper and inmate Nicholas Rae. Thank You.

(If you need more space, use plain paper.)

*Inmate Signature*

**TO:** Hearings Officer: Linda Paulsen          **DATE:**

**FROM:** Unit Supervisor, Security Lieutenant or CC/CM

**REMARKS:** Forward

*Staff Signature*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FROM:** Linda Paulsen          **DATE:** 3/23/16
    Staff Member Name/Office

**REMARKS:** Please provide me a list of questions you wish me to ask these witnesses

*Staff Signature*

**RECEIVED**

MAR 23 2016

**HEARINGS**

**Received By** _____
*Inmate Signature*

White - Offender Records Office          Yellow - Inmate

⑫

Case# 16-03-02272

Unit MCN

# DIVISION OF ADULT SERVICES
# NOTICE OF DISCIPLINARY HEARING

Date: 3/21/16

To: Inmate CHARTIER BRANDON - #

From: Prosecuting / Hearings Officer LINDA J. PAULSEN

You are hearby notified to appear before a Major / Minor Disciplinary Board

on Tuesday 3/29/16 @ tce 8:00 A.M.
   Date       Time

You are charged with violation of Rule

25A - Possession nfy, etc

 

 

 

(Specific Rule(s) Violated)

In that you: See attached.

 

 

 

 

(Description of Conduct Constituting Said Violation)

I acknowledge receipt of this notice on 3-22-16

at 11:40     X _____ Date 3-22-16
  Time             Inmate's Signature

witness: _____

Delivering Officer's or Staff Member's Signature

( If Inmate refuses to sign the receipt, the Delivering Officer will date and time receipt and )
( note Inmate's refusal in the Inmate's signature block and give attached copies to the Inmate. )

SP-113   Distribution:      White-Hearing Office      Yellow-Inmate      Pink-Hearings Office





# NEW HAMPSHIRE DEPARTMENT OF CORRECTIONS

## DISCIPLINARY REPORT

1. INFRACTION DATE: __3/17/2016__        TIME: __16:10__        LOCATION: __NHSP-MCN__

2. REPORTING STAFF (print): __Cpl. Latimer__

3. DETAILS OF EVENT (who, what, where, when, how, and why):

On the above date and time, while conducting a cell search of room 8 of pod 3A, I discovered a metal rod, that had somewhat of a point, and is suspected to be an unfinished weapon. This object was located inside of the window track of the cell, and was found within a few minutes of the cell search. Inmates Blankenship, Kenneth (#49090) and I/M Chartier, Brandon (#48876) both reside in cell 8 of pod 3A. (Continued on section 13.)

4. INMATES INVOLVED:

| | Last | First | MI | ID # | | # | Subj. | Other |
|---|---|---|---|---|---|---|---|---|
| NAME: | Chartier | Brandon | W | 48876 | CELL | MCN 3A8B | x | |
| NAME: | Blankenship | Kenneth | G | 49090 | CELL | MCN 3A8T | | x |
| NAME: | | | | | CELL | | | |
| NAME: | | | | | CELL | | | |

*V - Victim  W - Witness

5. STAFF INVOLVED:

| NAME: | | HOW INVOLVED* |
|---|---|---|
| NAME: | | HOW INVOLVED* |
| NAME: | | HOW INVOLVED* |
| NAME: | | HOW INVOLVED* |

**RECEIVED**
**MAR 21 2016**
**HEARINGS**

*V - Victim  W - Witness

6. SUBJECT OFFENSE VIOLATION:

Inmate Manual Rule Number(s):    1 __25A__    2 _____    3 _____    4 _____    5 _____

7. EVIDENCE STATUS:

SECURED:    Yes [x]    No [ ]        WHERE:    Control: [x]    Other: __MCN Evidence.__

_____
SIGNATURE OF REPORTING STAFF

__3/17/16__
DATE WRITTEN

HEARINGS CASE NO. __16-03-02272__

SIGNATURE OF REVIEWING STAFF _____  DATE __3/17/16__ TIME __1928__

SGT. INMAN



8. INVESTIGATIONS BY UNIT MANAGER / DESIGNEE:

A. SUBJECT'S STATEMENT:  _Pleads Not Guilty._

B. STATEMENT FROM OTHERS:  _None_

C. SUMMARY OF INVESTIGATION:  _Pleads Not Guilty. There is another inmate involved with this incident who has a very unbelievable story to tell. Attached you will find a statement marked confidential, I will let Hearings Determine if it stays confidential. The fact are that this Makeshift Shank was found in room 8 of Pod 3A inmates Blankenship & Chartier live in this room. They will tell you their door does not lock, we have A lot of doors in MCN that the locks are broke, in Hancock Building none of their doors lock. Locked doors are a luxury not a requirements. The Shank was found in their See Section 12 continued space._

9. RECOMMENDATION OR ACTION:

[ ] Report to be filed without prejudice to inmate.

[ ] Report handled as an Incident Report

[ ] Report as a Bad Spot Report.    Signature of Inmate: _____

[ ] Recommend this report be processed as a Minor Disciplinary

[X] Recommend this report be processed as a Major Disciplinary

Signature of Unit Manager or Designee: _____    Date: _3-20-16_

**APPROVED**

MAR 2.1 2016

_Mm. Monfort_

NHSP-M MAJOR

[ ] INMATE WANTS TO PLEAD GUILTY. THIS SENTENCE IS RECOMMENDED:

I desire to plead guilty to the charges. I waive my right to a hearing and my right to appeal. I admit to the facts and circumstances as described above.

SIGNATURE OF INMATE: _____    Date: _____

SIGNATURE OF STAFF MEMBER AUTHORIZED TO ACCEPT GUILTY PLEA:

SIGNATURE: _____    Date: _____

11. **MAJOR'S / DESIGNEE ACTION:**

A. [ ] Recommended action approved.

B. [ ] Inmate plea of Guilty and Sentence recommended is approved.

C. [ ] The following action will be taken. _____

_____
_____
_____

Signature of Major / Designee: _____ Date: _____

12. **INVESTIGATOR'S ACTION IF SCHEDULED FOR A HEARING:**

[ ] Received from Major: Date: _____

[ ] Additional Investigation required:

     [ ] Yes     [ ] No     [ ] Report Attached

[ ] Scheduled for Hearing   [ ] Major    [ ] Minor   Date: _____

[ ] Board held on: Date: _____

HEARINGS OFFICER: _____

SIGNATURE OF INVESTIGATOR: _____ DATE: _____

CONTINUOUS SPACE: (Key to paragraph number.)

After securing the object, both inmates were called down to the MCN office to be interviewed about the object. Both inmates denied any knowledge of the object. Because neither inmate claimed ownership of the object, and because of how easily the object was found inside of the cell, both inmates are receiving D-Reports for rule violation 25 for possession of the suspected weapon.

window Jam, Because it was in their room and semi hidden I believe they were still working on this Shank. Because it was found semi hidden and in their window Jam + believe there is enough evidence to find inmate Chartier Guilty of 25A.



3-18-16

I Nicholas Rae was cleaning my area in 3A bunk 12 on 3-17-16 around 3:30 pm and found a piece of metal about 6 to 8 inches long. I went into cell 8 to think about what to do with the object because I was previously told by the inmates assigned to the cell I was allowed to be in there to watch t.v. Both inmates were not in the cell. I decided I was going to bring the object to the office, but they called chow. I placed the object in the window planning on returning to retrieve the object after chow to bring it down to the office. When I returned to the cell Cpl. Latimer was conducting a cell search of cell 8. I told Cpl. Latimer of the mistake I made today and he told me he would email the Lt.

3-18-16

Nicholas Rae          3-22-16

I Nicholas Rae have taken full responsibility for the mistake of placing the object in cell 8. I plead guilty to a 25A and a 73A ticket accepting and fully owning up for the object. I was not persuaded nor am I "taking the hit" for any person or inmates. I did the right thing taking responsibility for the object I placed into cell 8. With that being said no other person should be found guilty on the same ticket because it was no one else's fault except my own. I plead guilty to the tickets therefore no further disciplinary action should be taken!

3-22-16
Nicholas Rae

Witness to Signing —

85461 — Jeremy Cook

63629   Matt Groov

59461

82808

88487

70414